IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(DAVENPORT DIVISION)

| | | |
|---|---|---|
| SCOTT WAGNER, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT AND** |
| HY-VEE, INC., | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

COMES NOW Scott Wagner by his attorneys, McDonald, Woodward & Carlson, P.C., and for his Complaint, states:

## PARTIES

1.    Plaintiff Scott Wagner is a citizen of the State of Illinois.  He was employed by Hy-Vee as a Lawn and Garden Manager at the Muscatine, Iowa, store located at 2400 Second Avenue, Muscatine, Muscatine County, Iowa, from 2002 to 2011.

2.    Defendant Hy-Vee, Inc., is an Iowa corporation with its principal place of business in West Des Moines, Iowa and for the purposes of diversity jurisdiction, a citizen of Iowa.

3.    The amount in controversy in this matter is in excess of $75,000.00, exclusive of interest and costs.

## JURISDICTION AND VENUE

4.    This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201 *et seq.*

1

5. This court has diversity jurisdiction under 28 U.S.C. § 1332 because both the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events giving rise to this claim occurred in the Southern District of Iowa.

## GENERAL ALLEGATIONS

7. From 2002 through 2011, Wagner was employed by defendant at a retail grocery store of defendant in Muscatine, Iowa as a full-time Lawn and Garden Department Manager.

8. From 2002 through 2011, defendant paid Wagner on a salary basis without regard to the number of hours per week worked by Wagner.

9. From 2002 through 2011, Wagner regularly and typically worked more than 40 hours per workweek without receiving any overtime premium for hours beyond 40 during such workweeks.

10. Wagner typically worked 60 hours per week during the spring and summer seasons and was required to work 45 hours per week during other times.

11. At all times pertinent herein, Hy-Vee failed to pay Wagner a premium for work performed over 40 hours in a given work week.

## COUNT I

### FAILURE TO PAY OVERTIME PREMIUMS IN VIOLATION OF FAIR LABOR STANDARDS ACT ("FSLA")

12. Wagner incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

13. At all times material herein, Wagner has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

14.     Section 207(a)(1) of the FLSA, 29 U.S.C. §207(a)(1), provides that no employer shall employ any employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a half times the regular rate at which he is employed.

15.     Defendant also violated the FLSA by failing to keep accurate records of all hours worked by its employees.

16.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Wagner.

17.     Defendant knew or should have known that its failure to pay Wagner overtime premiums in accordance with the statute was unlawful.

18.     By knowingly failing to pay overtime to Wagner for hours worked in excess of 40 hours per week, defendant willfully violated the FLSA.

19.     As a result of defendant's willful actions, Wagner has suffered a loss of overtime premium wages required to be paid under the FLSA, 29 U.S.C. §207(a)(1).

20.     Pursuant to the FLSA, 29 U.S.C. §216(b), defendant is liable to Wagner for three years of unpaid overtime payments, liquidated damages, and attorneys fees and costs.

WHEREFORE, Wagner prays for judgment against defendant on Count I of his Complaint, for a finding that defendant willfully violated the FLSA by failing to pay him overtime premiums as required by the statute for hours worked in excess of 40; for an award of the unpaid overtime compensation, including interest; for an award of liquidated damages; for an award of attorneys' fees and costs; and for such other and further relief this Court deems just and proper.

## COUNT II

## FAILURE TO PAY OVERTIME PREMIUMS IN VIOLATION OF THE IOWA WAGE PAYMENT COLLECTION ACT

21.    Wagner incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

22.    At all times relevant hereto, Wagner was an "employee" as defined by Iowa Code § 91A.2(3).

23.    At all times relevant hereto, defendant was an "employer" as defined by Iowa Code § 91A.2(4).

24.    During the course of his employment with defendant, Wagner was not compensated for all time worked in certain work weeks at the rates agreed to by the parties and as required by Iowa Code § 91A.3.

25.    Wagner is entitled to be compensated for all time he worked at the rate agreed to by the parties.

26.    Defendant's failure to pay Wagner for all time worked at the rates agreed to by the parties violates the Iowa Wage Payment Collections Act ("IWPCA").

27.    The wages withheld from Wagner were not withheld as a result of a bona fide dispute.

28.    At all times relevant hereto, defendant's failure to pay Wagner for his earned wages was willful in that, among other things:

      a.    Defendant knew that the IWPCA required it to pay Wagner for all time worked;

      b.    Defendant failed to maintain true and accurate time records;

      c.    Defendant encouraged Wagner to not record all hours worked.

4

29.    As a result, Wagner is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay as described above, pursuant to Iowa Code §91A.8.

WHEREFORE, Wagner prays for judgment against defendant on Count II of his Complaint, for a finding that defendant willfully violated the IWPCA by failing to pay him for all time worked; for an award of the unpaid overtime compensation, including liquidated damages pursuant to Iowa Code § 91A.8; for an award of interest on all overtime compensation due accruing from the date such amounts were due;  for an award of attorneys' fees and costs; and for such other and further relief this Court deems just and proper.

## JURY DEMAND

COMES NOW plaintiff, Scott Wagner, by his attorneys, McDonald, Woodward & Carlson, P.C., and hereby demands trial by jury of all issues so triable in the above-captioned matter.

McDONALD, WOODWARD & CARLSON, P.C.

By___/s/ Heather L. Carlson_____
     Heather L. Carlson      AT0001332

P. O. Box 2746
Davenport, IA 52809
Telephone:  563/355-6478
Facsimile:  563/355-1354
Email:  hcarlson@mwilawyers.com

ATTORNEYS FOR PLAINTIFF

5