

DEFENDANT'S
EXHIBIT

B
ALL-STATE LEGAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| SCOTT WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-00066 JAJ/TJS |
| | ) | |
| HY-VEE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT HY-VEE'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

### PARTIES

1.      Answering Paragraph 1, Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff is a citizen of the State of Illinois, and therefore denies same.  Defendant admits Plaintiff was employed at the Muscatine, Iowa store from March 18, 2002 until September 6, 2011.  Defendant further admits that Plaintiff worked as a Lawn & Garden Manager during portions of this time.  Defendant denies any remaining allegations.

2.      Admitted.

3.      Answering Paragraph 3, Defendant admits this Court has jurisdiction over Plaintiff's claims, but denies all other allegations and implications.

### JURISDICTION AND VENUE

4.      Answering Paragraph 4, Defendant admits this Court has jurisdiction over Plaintiff's claims, but denies all other allegations and implications.

5.      Answering Paragraph 5, Defendant admits this Court has jurisdiction over Plaintiff's claims, but denies all other allegations and implications.

6.      Answering Paragraph 6, Defendant admits venue in this District is proper, but denies all other allegations and implications.

## GENERAL ALLEGATIONS

7.    Answering Paragraph 7, Defendant admits Plaintiff was employed at the Muscotine, Iowa store from March 18, 2002 until September 6, 2011.  Defendant further admits that Plaintiff worked as the Lawn & Garden Department Manager during part of that time. Defendant denies any remaining allegations.

8.    Answering Paragraph 8, Defendant admits Plaintiff was paid a fixed salary for all hours worked from March 18, 2002 until September 6, 2011.

9.    Answering Paragraph 9, Defendant admits Plaintiff was exempt from the FLSA overtime requirements during the time he was employed at the Muscatine Hy-Vee and, therefore, did not receive any overtime payments during this time.  Defendant denies that Plaintiff regularly and typically worked more than 40 hours in a workweek.

10.    Denied.

11.    Answering Paragraph 11, Defendant admits that Plaintiff was exempt from the FLSA during the time he worked for Hy-Vee, and therefore did not receive any overtime premium.

## COUNT I

12.    Defendant incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

13.    Answering Paragraph 13, Defendant admits that Plaintiff was entitled to the rights, protections and benefits of the FLSA, but denies all remaining implications.

14.    Paragraph 14 is a legal conclusion, and as such no answer is required.  To the extent an answer is required, Defendant states Plaintiff was an exempt employee and the FLSA is therefore inapplicable to his situation.

15.    Denied.

16. Answering Paragraph 16, Defendant admits that the cited provision exempts certain employees from other provisions of the FLSA. Defendant denies all remaining allegations.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT II

21. Defendant incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

22. Answering Paragraph 22, Defendant admits Plaintiff was an employee as defined by Iowa Code § 91A.2(4) from March 18, 2002 until September 6, 2011 but denies all remaining implications.

23. Admitted.

24. Denied.

25. Answering Paragraph 25, Defendant admits Plaintiff was entitled to be (and was) compensated for all hours of work by his salary, as agreed upon by the parties. Defendant denies any remaining allegations or implications.

26. Denied.

27. Answering Paragraph 27, Defendant denies withholding any wages from Plaintiff.

28. Denied.

29. Denied.

## AFFIRMATIVE DEFENSES

1. Hy-Vee denies all allegations not specifically admitted herein.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff was exempt from the overtime provisions of the FLSA by virtue of the administrative and/or executive exemptions. 29 U.S.C. § 213.

4. Defendant's compensation and timekeeping practices were adopted in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals and/or interpretations of the United States Department of Labor, and therefore may not give rise to liability for back wages pursuant to 29 U.S.C. § 259.

5. Defendant's actions were taken in good faith and with reasonable grounds to believe that the actions were not in violation of law, such that no liquidated damages may be awarded pursuant to 29 U.S.C. § 260.

6. Defendant did not engage in any willful violation of the FLSA or Iowa statute.

7. Even if the allegations contained in Plaintiff's complaint are true, which Defendant denies, Plaintiff is only entitled to half-time compensation under 29 C.F.R. § 778.114 for any hours worked over 40 per workweek.

8. Defendant has timely paid Plaintiff all wages due.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, laches, and/or waiver, specifically because Plaintiff failed to properly record all time worked.

10. Plaintiff's claims under the FLSA or the Iowa Wage Payment Act are barred to the extent that Plaintiff submitted false or inaccurate time records.

11. Plaintiff's claims are barred, in whole or in part, to the extent he worked fewer than forty hours in any week and was paid at or above minimum wage.

12.     Plaintiff's damages, which Defendant denies exist, should be calculated using the fluctuating workweek method of determining overtime compensation.

13.     Plaintiff's claims are barred to the extent he failed to mitigate his damages.

14.     Plaintiff's claims for punitive and/or liquidated damages are barred because Defendant acted at all times in good faith.

15.     To the extent Defendant acquires evidence of wrongdoing by Plaintiff, which would have materially affected the terms and conditions of his employment or would have resulted in Plaintiff being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages or shall reduce such claims as provided by law.

16.     Plaintiff fails to state a claim upon which relief can be granted in his Iowa Wage Payment Act claim, as the Iowa Wage Payment Act does not mandate overtime compensation.

17.     Defendant reserves the right to assert additional affirmative defenses as they become evident through further discovery and/or investigation.

Respectfully Submitted,


_____ /s/ Jeannie M. DeVeney _____
Jeannie M. DeVeney, IA Bar # 19283
LITTLER MENDELSON, PC
1201 Walnut St., Suite 1450
Kansas City, MO 64106
Tel: 816.627.4400
Fax: 816.627.4444
jdeveney@littler.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on November 21, 2012, the foregoing document was filed via the Court's CM/ECF system, which sent record of the document to the following parties:

Heather L. Carlson
PO Box 2746
Davenport, IA 52809
hcarlson@mwilawyers.com

Attorney for Plaintiff

_____/s/ Jeannie M. DeVeney_____
Jeannie M. DeVeney
Attorney for Defendant

Firmwide:116252659.1 062471.1012